Melissa A. Clark, Esq. SBN 247998
Julianne Vandergrift, Esq. SBN 285899
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
Phone: (714) 617-8385
Fax: (714) 617-8511
Email: jvandergrift@higbeeassociates.com

*Attorneys for Plaintiff*
JOHN COUSINO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOHN COUSINO, an individual

Plaintiff,

v.

STATES RECOVERY SYSTEMS, INC., and DOES 1 through 10,

Defendants.

Case No. __________________

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff JOHN COUSINO, for his Complaint against Defendants and each of them, alleges as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15

U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. JOHN COUSINO (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of STATES RECOVERY SYSTEMS, INC. (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

---

1 15 U.S.C. 1692(a)-(e)
2 Cal. Civ. Code 1788.1 (a)-(b)

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff is a natural person who resides in the City of San Jose, County of Santa Clara, State of California, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges that Defendant is a company operating from the City of Rancho Cordova, County of Sacramento, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant conducted business within the City of San Jose, County of Santa Clara, State of California.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is informed and believes, and thereon alleges, that

Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

18. Plaintiff allegedly incurred financial obligations to First Technology Federal Credit Union that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

20. Plaintiff is informed and believes, and thereon alleges, that on or about June 19, 2013, a Power of Attorney was sent to First Technology Federal Credit Union stating that Plaintiff was represented by First Source Law (now known as Higbee & Associates).

///

///

21. Plaintiff is informed and believes, and thereon alleges, that on or before May 1, 2014, First Technology Federal Credit Union assigned Plaintiff's account to Defendant for collection.

22. On May 1, 2014, Defendant sent a letter to Plaintiff stating that First Technology Federal Credit Union had assigned the account to Defendant for collection. Defendant sent the letter to Plaintiff by addressing it to Plaintiff's attorneys at First Source Law. Thus, on May 1, 2014, Defendant clearly knew that Plaintiff was represented by First Source Law.

23. Despite Defendant's knowledge that Plaintiff was represented by an attorney, by May 23, 2014, Plaintiff had been directly contacted via telephone by Defendant approximately three to four times. Defendant again contacted Plaintiff directly via telephone on June 5, 2014. Thus, Defendant's actions violated 15 U.S.C. §1692c(a)(2) as well as California Civil Code § 1788.14(c). Because Defendant's actions violated 15 U.S.C. §1692c, Defendant's conduct also violated California Civil Code §1788.17.

## FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

29. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for

### Fair Debt Collection Practices Act

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant; and
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### Rosenthal Fair Debt Collection Practices Act

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil

Code § 1788.30(b), from Defendant; and

- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

Respectfully submitted this 2nd day of September, 2014,

By: 
Julianne Vandergrift
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, JOHN COUSINO hereby demands a trial by jury in the above matter.

Respectfully submitted this 2nd day of September, 2014,

By: 
Julianne Vandergrift
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*